**PITTSTON–LUZERNE CORPORATION**

v.

**UNITED STATES of America.**

**Civ. A. No. 3181.**

United States District Court
Middle District Pennsylvania.

Sept. 24, 1959.

Flood & Brown, Wilkes-Barre, Pa., Daniel S. Ring, Washington, D. C., for plaintiff.

Isidore Lazarus, United States Department of Justice, Washington, D. C., Rob-

ert J. Hourigan, U. S. Atty., Scranton, Pa., for defendant.

WATSON, District Judge.

This action was commenced by plaintiff under the provisions of the Lucas Act, 41 U.S.C.A. § 106 note. (Act of August 7, 1946, c. 864, Sec. 1–6, 60 Stat. 902, as amended June 25, 1948, c. 646, Sec. 37, 62 Stat. 992.) The loss of $99,-521.09 which plaintiff, in its amended complaint, alleges was incurred in the performance of certain Navy contracts, was reduced at the trial to $80,550.49.

At the conclusion of plaintiff's case defendant moved, under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the complaint (amended complaint) and the plaintiff's case, with prejudice, and to direct a verdict in defendant's favor. That motion is now before the Court for consideration.

### Findings of Fact

1. This action is brought by plaintiff under the provisions of the Lucas Act, as amended, 41 U.S.C.A. § 106 note. The action was commenced on June 7, 1948, following the denial by the Navy Department War Contracts Relief Board, on December 10, 1947, of plaintiff's administrative Lucas Act claim of February 5, 1947. Various defendants named in the complaint have been dropped leaving as the sole defendant the United States of America.

2. Plaintiff bases its action upon alleged losses suffered in the performance of two Navy contracts, NObs 16054 and NObs 17461, executed respectively August 23, and October 22, 1944.

3. Plaintiff filed with the Navy Department a written request for relief of losses by posting a letter addressed to the Navy Department, Bureau of Ships, Attention of Contracting Officer.

4. Plaintiff corporation, for the year 1944, showed an overall net loss of $3,-419.99.

5. Plaintiff corporation, for the year 1945, showed an overall net loss of $3,-957.95.

6. The evidence adduced at the trial established that plaintiff failed to maintain an adequate cost accounting system.

7. Plaintiff was unable to furnish evidence from which a profit or loss could be determined in the performance of any contract or subcontract for the United States Government.

8. Plaintiff failed to produce a witness who was capable of accurately calculating profits or losses on any contract after examining the books and records of plaintiff corporation.

9. Plaintiff's lawsuit is based upon losses allegedly incurred in the performance of the two Navy contracts but it failed to establish said losses by competent evidence.

10. Plaintiff was paid the sum of $28,576 on Navy Contract NObs 16054 and $92,205 on Navy Contract NObs 17461. Both contracts were terminated by the government upon the cessation of hostilities. The above sums of money represent the full contract price.

11. Plaintiff failed to maintain inventory records from which materials used in the performance of individual contracts could be traced or accounted for.

12. Plaintiff failed to maintain records of labor costs from which the Court could determine the cost of labor used in the performance of the contracts involved in this suit.

13. Plaintiff maintained its bookkeeping department in such a way that it failed to shed light upon the operation of the business.

14. Plaintiff was unable to produce competent evidence to show that the alleged losses were suffered without fault or negligence on the part of plaintiff.

15. Plaintiff's president testified that difficulties in obtaining credit and priorities for materials contributed to its inability to perform the contracts at the price stipulated in the contracts.

### Discussion

The plaintiff is seeking equitable relief under the Lucas Act for losses allegedly incurred in the performance

of certain Navy contracts. In order to recover under the Act, plaintiff must prove that it filed a claim for relief with the Navy prior to August 14, 1945. Plaintiff asserts that it did file such claim but defendant maintains that the Navy has been unable to locate the letter which, according to plaintiff, plaintiff mailed to the Navy on August 6, 1945. Defendant maintains that plaintiff should be barred from proceeding with the prosecution of its lawsuit because it has failed to produce sufficient evidence from which the mailing and filing of the claim may be established. Plaintiff produced a copy of the alleged letter but defendant avers that the Navy has been unable to locate the original. Defendant produced an impressive list of citations in support of its position but the Court believes that the plaintiff did produce sufficient evidence from which the Court, as a finder of fact, could conclude that the letter in question had been mailed. However, final determination of defendant's motion is unaffected by this finding. Defendant also argues that plaintiff's claim for relief is not extra-legal in character and cites the case of Fogarty v. United States, 340 U.S. 8, 71 S.Ct. 5, 95 L.Ed. 10, in support of its position. The Fogarty case held, inter alia, that no particular form of notice is required. It does hold that whatever the form of notice used it must apprise the appropriate agency that claimant is seeking relief under the First War Powers Act, 50 U.S.C.A.Appendix, § 611, for losses sustained in the performance of war contracts. The Court feels that it would be inconsistent with the purpose of the Lucas Act to deny a claimant relief merely because he failed to couch his claim in the language of equity. It is highly doubtful that the legislative fathers intended such narrow construction.

■ The Lucas Act also requires that plaintiff prove a net overall loss on all government contracts and sub-contracts performed during the period from September 16, 1940 and August 14, 1945.

The Court feels that plaintiff has failed to meet this burden of proof.

■■ The trial of this action covered a period of several weeks and the transcript of testimony covered some 1,200 pages. Plaintiff produced witness after witness, each of whom purported to have some special knowledge of the operation of plaintiff's business but, as the testimony discloses, they were unable to shed any light upon the issues involved. By the admission of one of its witnesses, plaintiff showed that it failed to maintain a reliable cost accounting system and the testimony of other of plaintiff's witnesses confirmed the fact that there was a total lack of any system which could aid in the calculation of performance costs. Plaintiff's claims are utterly discredited by the condition of its books and records. Plaintiff was unable to trace materials or labor to any particular contract; and it is incumbent upon a plaintiff to do so if it is to recover under the Lucas Act. A verdict for the plaintiff in this action would be based solely upon conjecture and guesswork. If plaintiff did, in fact, suffer the losses in the amount and manner in which it alleges, then it is indeed unfortunate that it failed to maintain proper books and records from which its losses could be calculated.

■ The Lucas Act also requires that a plaintiff must prove that its losses were incurred without fault or negligence on the part of the plaintiff, but plaintiff has produced nothing from which this Court can conclude that it was without fault or negligence. The plaintiff's president testified that he was aware that certain priorities would be required in order to ensure the efficient procurement of materials necessary to the successful completion of the contracts and, further, that he was also aware that his corporation did not possess these vital priorities. That plaintiff entered into contracts with such knowledge would, at least, indicate that he did so negligently. It is difficult for the Court to understand how it could conclude otherwise.

In Howard Industries, Inc. v. United States, Ct.Cl., 115 F.Supp. 481, 487, the Court stated that "The statute (Lucas Act) places upon the plaintiff the burden of proving the amount of the loss incurred on the contract which is the basis for its claim, and where a problem of allocation is involved, plaintiff must prove by means of the best evidence available a sound basis for the allocation contended for." In that action the plaintiff did attempt to prove that certain materials and labor expenses went into the cost of performance on a contract but the Court was not persuaded by the evidence. In the present case the plaintiff also has failed in its attempt to allocate costs of materials and labor, and it is not the function of the Court to do so.

Defendant's motion now before the Court must be granted.

Conclusions of Law

1. Jurisdiction of this action is bestowed upon the Court under the Lucas Act, as amended, 41 U.S.C.A. § 106 note.

2. Plaintiff failed to prove that it suffered financial losses in the performance of Navy contracts NObs 16054 and NObs 17461.

3. Plaintiff failed to prove that it suffered an overall financial loss in the performance of government contracts during the period September 16, 1940 and August 6, 1945.

4. At the time of the trial, and at all times thereafter, the United States of America was the sole defendant in this action.

5. Defendant's motion, at the close of plaintiff's case, to dismiss the complaint (amended complaint) and plaintiff's case, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, will be granted. Judgment will be entered against the plaintiff and in favor of the defendant.